UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TREMAYNE DURHAM, | |
| Plaintiff, | Civil Action No. 24-4033 (MAS) (TJB) |
| v. | |
| BRANDEN STALLER, et al., | MEMORANDUM ORDER |
| Defendants. | |

This matter comes before the Court on a motion to dismiss filed by Defendants Bodtmann, Crawford, Emrich, and Gangi (ECF No. 28), and a motion seeking summary judgment filed by Defendants Mosley-Massenat, Rutgers, Teh, and University Correctional Health Care (ECF No. 66). Petitioner filed opposition to the motions (*see* ECF Nos. 36, 77, 79, 81), to which Defendants replied (ECF Nos. 69, 78). For the following reasons, the motion to dismiss shall be granted in part and denied in part, and the motion for summary judgment shall be granted as to Plaintiff's medical negligence and malpractice claims only.

I.   **MOTION TO DISMISS**

A.   **Legal Standard**

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

**B.   Discussion**

Defendants first argue that because the ADA and Rehabilitation Act do not generally permit individual liability claims and Plaintiff's complaint has named the appropriate state entity, in this case New Jersey State Prison, Plaintiff's ADA and RA claims against them individually should be dismissed. The ADA and the RA do not permit actions for damages against state officers in their individual capacities. *See, e.g., Martin v. Piserchia*, No. 23-21669, 2024 WL 3812071, at *4 (D.N.J. Aug. 14, 2024). The Third Circuit has held, however, that individual state officers acting in their official capacity may be sued for damages under the RA and ADA as nominal defendants standing in the place of their employer – the state department or agency that is the actual party in interest in the official capacity claim. *Durham v. Kelly*, 82 F.4th 217, 224 n.11 (3d

2

Cir. 2023). The justification for such a rule is clear – where a plaintiff has named a party that is the effective equivalent of the actual party in interest, such as an official capacity claim against an officer, but has not named the state agency or department itself, his claim should not be dismissed merely because of *how* he named the agency or department. *Id.* Where, as here, however, the plaintiff *has* directly named the appropriate state entity – in this case New Jersey State Prison – permitting him to also name the individual employees of that entity in their official capacity is duplicative and unnecessary to protect the plaintiff's interests, and the individuals named in their official capacities should be dismissed as a result. *Martin*, 2024 WL 3812071, at *4. Because the individual defendants may not be sued for damages in their personal capacities under the RA and ADA, and as the official capacity claims against them are duplicative of Plaintiff's claims against their employer, New Jersey State Prison, Plaintiff's claims against Defendants Bodtmann, Crawford, Emrich, and Gangi under the ADA and RA must be dismissed without prejudice at this time.[1] Plaintiff's ADA and RA claims shall continue to proceed at this time as to New Jersey State Prison.

    Defendants next argue that Plaintiff fails to state a claim against Bodtmann, Crawford, Emrich, and Gangi for deliberate indifference to Plaintiff's medical needs. To plead such a claim, a plaintiff must plead facts indicating that he has a serious medical need, defendants knew of and disregarded an excessive risk to inmate health or safety arising out of that medical condition, and this deliberate indifference caused the plaintiff harm. *Durham*, 82 F.4th at 229. In his complaint, Plaintiff pled facts indicating that: (1) he has serious back issues which have caused him great pain; (2) he has experienced collapsing issues on multiple occasions; (3) Defendants were aware

---

[1] Should Plaintiff's ADA and RA claims against the prison be dismissed for reasons other than sovereign immunity, Plaintiff would potentially be able to rename the individuals as nominal Defendants in his official capacity damages claims. *See Durham*, 82 F.4th at 224 n.11.

3

of the issues; and (4) Defendants ignored the known facts and instances in refusing to permit Plaintiff to transfer to the prison's medical unit where it would be less likely that his pain and collapsing would frequently recur. Giving Plaintiff the benefit of all reasonable inferences, the alleged facts are sufficient to permit the plausible inference that Defendants were deliberately indifferent to Plaintiff's known medical needs. Defendants' motion to dismiss is therefore denied as to Plaintiff's Eighth Amendment claims.

In their final dismissal argument, Defendants Bodtmann, Crawford, Emrich, and Gangi argue that Plaintiff's NJLAD claims against them must be dismissed because Plaintiff's claims against their employer, the prison, have been dismissed on Eleventh Amendment immunity grounds. Generally, the LAD "does not impose individual liability upon non-supervisory employees, . . . but a supervisor may be liable for aiding and abetting" acts which would render their employing entity liable, even if they were the supervisors' own acts. *Ivan v. County of Middlesex*, 595 F. Supp. 2d 425, 462-63 (D.N.J. 2009); *see also Cicchetti v. Morris Cnty. Sheriff's Office*, 194 N.J. 563, 594 (2008).

Defendants contend, based on a dicta statement in *Ivan*, that they cannot be sued in this Court for aiding and abetting because their employer and the chief defendant for such a claim, the prison, has been dismissed from this claim on Eleventh Amendment grounds. In dicta, the *Ivan* court stated that it is "helpful to keep in mind that for a defendant to be individually liable for aiding and abetting, the employer must also be liable under the LAD." 595 F. Supp. 2d at 463. This statement, however, was not intended as a jurisdictional limit on claims against individuals. Rather, the statement was a conceptual explanation of how aiding and abetting liability works in general – one cannot be liable for aiding and abetting one who did no wrong. Although the prison was dismissed from this claim, the dismissal was on Eleventh Amendment immunity grounds, and

the dismissal did not constitute a finding that Plaintiff had failed to plead sufficient facts to support a claim for liability. The Court cannot enter a judgment against the prison as it is immune from suit in federal court. Nothing Defendants have presented, however, stands for the proposition that a prison supervisor cannot be held liable for aiding and abetting actions for which his employer *would* be held liable in state court merely because Plaintiff's claims are raised in this court, which cannot directly rule upon the prison's liability, or that the employer itself is a necessary party for such a claim. In the absence of clear case law to that effect,[2] and faced solely with a line of dicta from *Ivan*, the Court cannot grant Defendants' motion on this point. Defendants' motion to dismiss is thus denied as to Plaintiff's LAD claims. The motion to dismiss (ECF No. 28) shall therefore be granted in part and denied in part.

## II. SUMMARY JUDGMENT

### A. Legal Standard

Pursuant to Rule 56, a court should grant a motion for summary judgment where the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of "identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A factual dispute is material "if it bears on an essential element of the plaintiff's claim," and is genuine if "a reasonable jury could find in favor of the non-moving party." *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir. 2014). In deciding a motion for summary judgment, a district

---

[2] Should Defendants be able to provide clear caselaw to this effect at a later date, they may reraise the argument at that time.

court must "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion," *id.*, but must not make credibility determinations or engage in any weighing of the evidence. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, [however,] there is no genuine [dispute] for trial." *Matsuhita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Once the moving party has met this initial burden, the burden shifts to the non-moving party who must provide evidence sufficient to establish that a reasonable jury could find in the non-moving party's favor to warrant the denial of a summary judgment motion. *Lawrence v. Nat'l Westminster Bank N.J.*, 98 F.3d 61, 65 (3d Cir. 1996); *Serodio v. Rutgers*, 27 F. Supp. 3d 546, 550 (D.N.J. 2014).

> A nonmoving party has created a genuine [dispute] of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial. However, the party opposing the motion for summary judgment cannot rest on mere allegations; instead, it must present actual evidence that creates a genuine [dispute] as to a material fact for trial.

*Serodio*, 27 F. Supp. 3d at 550.

**B.    Discussion**

Defendants University Correctional Health Care, Rutgers, Mosley-Massenat, and Teh argue that Plaintiff's state law negligence and medical malpractice claims against them must be dismissed because Plaintiff neither filed a notice of tort claim under the New Jersey Tort Claims Act nor filed an affidavit of merit as required under New Jersey law for these claims.[3] Turning first to the affidavit of merit issue, the state statute:

---

[3] Defendants also move as to Plaintiff's negligent infliction of emotional distress claims, but the Court already dismissed those claims without prejudice, and Plaintiff has yet to reassert them. (*See*

> requires a plaintiff in a malpractice [or professional negligence] action against a licensed professional seeking "damages for personal injuries, wrongful death or property damage" to file an affidavit of merit from an appropriate licensed professional within 60 days of the defendant filing its answer. N.J. Stat. Ann. § 2A:53A-27. Upon a showing of good cause, the court may extend this deadline an additional 60 days. *Id.* Absent the plaintiff's showing of one of four limited exceptions, if the affidavit of merit is not filed within 60 (or 120) days, the failure requires dismissal of the action with prejudice. *Id.*; § 2A:53A-29. The four limited exceptions are: (i) a statutory exception regarding a lack of information; (ii) a "common knowledge" exception; (iii) substantial compliance with the affidavit-of-merit requirement; or (iv) "extraordinary circumstances" that warrant equitable relief.

*Nuveen Mun. Trust v. Withum Smith Brown, P.C.*, 692 F.3d 283, 305 (3d Cir. 2012). Here, Defendants filed their answer and demanded the affidavit on September 6, 2024. (ECF No. 24.) Despite the passage of over a year and the temporary appointment of counsel to aid Plaintiff in seeking such an affidavit, Plaintiff never provided an affidavit of merit to Defendants. Indeed, assigned counsel's attempts to obtain one ended with both consulted experts declining to provide such an affidavit. Instead, the consulted experts reached the conclusion that no malpractice action was warranted. (*See* ECF No. 77 at 13.) Plaintiff thus clearly failed to meet his obligations under the statute, and, absent an exception, his malpractice claims must be dismissed.

Plaintiff argues that his case should fall into the exception for "common knowledge." Plaintiff's malpractice claims, however, revolve around the proper diet, housing needs, and medication for someone with severe back problems and a number of other issues. Plaintiff's claims, consequently, are not of the sort that are so obvious or clear that they fit into the common knowledge exception because the alleged failings are not so "readily apparent to anyone of average intelligence and ordinary experience" to be medically improper and, rather, implicate issues of

---

ECF No. 3.) As those claims are not currently before the Court, the Court does not address any arguments as to the previously dismissed negligent infliction of emotional distress claims.

medical judgment. *See Estate of Allen v. Cumberland County*, 262 F. Supp. 2d 112, 116 (D.N.J. 2017). Because Plaintiff's case is not the "unusual medical malpractice case" where this exception would apply, the common knowledge exception does not save Plaintiff from the requirements of the affidavit of merit statute. As Plaintiff did not meet the statutory requirements, his medical malpractice and professional negligence claims against the medical defendants must be dismissed with prejudice, and the moving Defendants' motion must be granted. Because Defendants are entitled to summary judgment as to Plaintiff's malpractice and medical professional negligence claims based on Plaintiff's failure to provide an affidavit of merit, the Court does not address the NJTCA notice of claim issue.

## III. ORDER

Based on the foregoing, **IT IS** on this 8th day of January, 2026, **ORDERED** that:

1. The motion to dismiss filed by Defendants Bodtmann, Crawford, Emrich, and Gangi (ECF No. 28) is **GRANTED IN PART** and **DENIED IN PART**;

2. Plaintiff's official capacity ADA and RA claims against Defendants Bodtmann, Crawford, Emrich, and Gangi are **DISMISSED WITHOUT PREJUDICE**;

3. The motion for summary judgment filed by Defendants Mosley-Massenat, Rutgers, Teh, and University Correctional Healthcare (ECF No. 66) is **GRANTED**;

4. Judgment is entered in favor of Defendants Mosley-Massenat, Rutgers, Teh, and University Correctional Health Care as to Plaintiff's medical negligence and malpractice claims only;

5. Plaintiff's motion to oppose Defendant's motion to dismiss (ECF No. 79) is **GRANTED** solely to the extent that this Court considered that document in reaching its decision; and

6. The Clerk of the Court shall serve a copy of this Order upon Defendants electronically and upon Plaintiff by regular mail.

                                                      _____
                                                      **MICHAEL A. SHIPP**
                                                      **UNITED STATES DISTRICT JUDGE**