State of New Jersey
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
25 MARKET STREET
PO BOX 112
TRENTON, NJ 08625-0112

MIKIE SHERRILL
*Governor*

DR. DALE G. CALDWELL
*Lt. Governor*

JENNIFER DAVENPORT
*Attorney General*

MICHAEL C. WALTERS
*Director*

September 15, 2026

Hon. Tonianne J. Bongiovanni
Clarkson S. Fisher Building
& U.S. Courthouse
402 East State Street
Room 2020
Trenton, NJ 08608

Re: Durham v. Staller, et al.,
Docket no. 3:24-cv-4033-MAS-TJB

Dear Judge Bongiovanni:

I am currently assigned to represent Defendants New Jersey State Prison, Amy Emrich, Anthony Gangi, Michael Crawford, and Derrick Bodtmann in the above captioned matter. (DOC Defendants)

Please excuse my inadvertent filing on the docket. ECF No. 119. That filing does not apply to this case and was meant for another case involving Plaintiff.

As to Plaintiff's request for leave to file a motion to compel, ECF No. 117, DOC Defendants oppose his request on the grounds that his discovery request is inappropriate. In his requests, Plaintiff asks for the personnel file for "any and all statements, inquiries, grievances, appeals, complaints and documents in regard to the approval and denial of medical treatment and medical accommodations made by them for any inmate at any time while employed for the New Jersey Department of Corrections." *Id.*, at pg. 2. That request is improper.

"Although the scope of discovery under the Federal Rules is broad, this right is not unlimited and may be circumscribed." *Hayes v. Bergus*, 2015 WL 5666128, at *2 (D.N.J. Sept. 24, 2015). Relatedly, the principle that inmates are not entitled to the records of other inmates is codified in New Jerseys various regulations. N.J. Admin. Code § 10A:22-2.3 ("[a]n inmate shall not be permitted to inspect, examine or obtain copies of documents concerning any other inmate.); N.J. Admin. Code § 10A:31-6.10 (containing the exact same language prohibiting disclosure of inmate records from one inmate to another).

Furthermore, courts regularly deny blanket discovery demands that are simply overly broad, burdensome, and disproportionate to the needs of the case. *See Price v. Cnty. of Salem*, No. CV 22-6042 (MAS)(JTQ), 2024 WL 3522443, at *3-5 (D.N.J. July 24, 2024), reconsideration denied, No. CV 22-6042 (MAS)(JTQ), 2024 WL 4349809 (D.N.J. Sept. 30, 2024) (denying Plaintiff's motion to compel defendants

to produce medical information from non-party inmates on the grounds that inmates had a privacy interest in their medical information and the fact that Plaintiff did not and could not make an argument that the private medical files of other inmates would support a claim that defendants violated plaintiff's individual rights); *DeFranco v. Miller*, No. 1:20-CV-00368-SPB, 2022 WL 973267, at *2 (W.D. Pa. Mar. 31, 2022) (denying Plaintiff's motion to compel disclosure of misconduct charges relating to every inmate); *Torres v. Harris,* No. 17-1977, 2019 WL 265804, at *4 (M.D. Pa. Jan. 18, 2019) (recognizing that plaintiff's request for grievances, complaints, and other documents relating to inmate mistreatment is the same sort of sweeping and overly broad request that unduly infringes on the privacy interests of other inmates who submitted grievances to the prison staff for unrelated issues); *Robinson v. Folino*, No. 14-227, 2016 WL 4678340, at *2 (W.D. Pa. Sept. 7, 2016) (finding that the burden of combing through the records of every inmate a prison staff member supervised during the course of his employment, to determine if a grievance was filed against the staff member, would be overboard, unduly burdensome, and disproportionate to the needs of the case).

Here, Plaintiff does not seek specific records, does not provide a date, incident, inmate, or specific employe. Instead, Plaintiff wishes to subject Defendants to a fishing expedition wherein he hopes to extract private medical records relating to other non-party inmates without articulating any reason related to his case other than the materials being "vital to [his] civil rights claims." ECF No. 117, at pg. 2. Such a request is overly broad and disproportionate to the needs of the case because it forces Defendants to sift through potentially hundreds to thousands of records for medical information that would have no bearing on proving Defendants' own individual civil rights claims. Accordingly, the Court should deny Plaintiff's request as being improper and disproportionate to the needs of litigation.

Please do not hesitate to contact me if you have any questions. We thank the Court for its time and attention to this matter.

Respectfully submitted,

JENNIFER DAVENPORT
ATTORNEY GENERAL OF NEW JERSEY

By: s/Expedito Sean B. Miralles
Expedito Sean B. Miralles
Deputy Attorney General

cc. Tremayne Durham